ing a comment, please refer to ADM File No. 2003-23. Your comments and the comments of others will be posted at www.courts.michigan. gov/supremecourt/resources/administrative/indexes/htm.

*Leave to Appeal From Attorney Discipline Board Denied May 30, 2003*:

GRIEVANCE ADMINISTRATOR V MARCUCCI, No. 123185.

*Order Entered June 19, 2003:*

*In re* BROWN, No. 123687. On order of the Court, the Judicial Tenure Commission has issued a Decision and Recommendation for Discipline, and the Honorable Helen E. Brown has consented to the Commission's findings of fact, conclusions of law and recommendation of public censure.

We are called on in this case to discipline a judge for the two ethical transgressions outlined below. One of the situations presented relates to the respondent's involvement with a charitable organization. The respondent has volunteered as a part of the consent resolution of this matter to refrain from participating in charitable activities that would otherwise be well within those allowed by our Code of Judicial Conduct. Thus, while we adopt the findings and conclusions of the Judicial Tenure Commission, this should not be interpreted in any way as discouraging members of the judiciary from participating in civic and charitable activities in conformance with Canon 5B of the Code of Judicial Conduct, such as forming a civic or charitable organization, serving on the board of directors of such an organization, or attending a charity fundraiser.

As we conduct our de novo review of this matter, we are mindful of the standards set forth in *In re Brown*, 461 Mich 1291, 1292-1293 (2000):

[E]verything else being equal:

(1) misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct;

(2) misconduct on the bench is usually more serious than the same misconduct off the bench;

(3) misconduct that is prejudicial to the actual administration of justice is more serious than misconduct that is prejudicial only to the appearance of propriety;

(4) misconduct that does not implicate the actual administration of justice, or its appearance of impropriety, is less serious than misconduct that does;

(5) misconduct that occurs spontaneously is less serious than misconduct that is premeditated or deliberated;

(6) misconduct that undermines the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just result in such a case, is more serious than misconduct that merely delays such discovery;